UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4400

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD EMANUEL RYAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (1:04-cr-00114-WDQ)

Submitted:  November 20, 2006        Decided:  December 11, 2006

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David R. Solomon, GLASER & SOLOMON, LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, John F. Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Emanuel Ryan pled guilty, pursuant to a plea agreement, to one count of conspiracy to import cocaine, in violation of 21 U.S.C. § 963 (2000). The district court sentenced Ryan to 188 months' imprisonment. On appeal, Ryan argues that the district court erred in denying his requests for downward departure based upon the hardship to his family, and upon the disparity of sentencing compared to his co-defendant.

The Government asserts that Ryan validly waived the right to appeal his sentence in the plea agreement. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Generally, if the district court fully questions a defendant regarding the waiver of her right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). However, an appeal waiver does not preclude challenges to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, appeals from

the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. <u>Johnson</u>, 410 F.3d at 151 (citations omitted). The question of whether a defendant validly waived her right to appeal is a question of law that this court reviews de novo. <u>Blick</u>, 408 F.3d at 168.

Our review of the record leads us to conclude that Ryan knowingly and voluntarily waived the right to appeal his sentence. <u>See</u> <u>Blick</u>, 408 F.3d at 169. Moreover, the challenges Ryan raises on appeal fall within the scope of the waiver.

Accordingly, we dismiss Ryan's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>